IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY BONETSKY,<br>    Plaintiff<br><br>vs.<br><br>STATE CORRECTIONAL INSTITUTE -<br>FOREST, et al.<br>    Defendants | C.A.No. 07-281 Erie<br><br>District Judge McLaughlin<br><br>Chief Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 15] be granted. The Clerk of Courts should be directed to close this case.

**II    REPORT**

    **A.    Relevant History**

Plaintiff, acting *pro se*, originally brought this civil rights action against Defendants "State Correctional Institute Forest" and "Medical and Psychiatrist Department - SCI - Forest." Plaintiff seeks monetary relief. Document # 8. Generally, Plaintiff alleges that unnamed prison staff over-medicated him which caused him to repeatedly fall and ultimately injure himself. Id.

Defendants have filed a motion to dismiss. Document # 15. By Order dated March 17, 2008, this Court directed that Plaintiff be allowed to file a response to the pending dispositive motion or be allowed to file an amended complaint to cure any procedural defect. Document # 17. Plaintiff filed an opposition brief addressing the arguments of Defendants' motion to dismiss. Document # 18. The issues are fully briefed and this motion is ripe for disposition by this Court.

1

### B. Standards of Review

#### 1) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court

recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

  **C.**    **Eleventh Amendment Immunity**

Defendants move for the dismissal of this action based upon immunity.[1]

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S.

---

[1] Defendants also move for dismissal of this case based on Plaintiff's failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform act, 42 U.S.C. § 1997e(a), which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional Facility until such administrative remedies as are available are exhausted." In his Opposition brief, Plaintiff argues that he could not have exhausted his administrative remedies due to his hospitalization and his subsequent transfer to another prison. Because Defendants are entitled to immunity, this Court need not reach this issue.

3

274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).[2]

In the instant action the only named Defendants are agencies of the Commonwealth of Pennsylvania and are immune from suit for monetary damages. Accordingly, the motion to dismiss should be granted.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 15] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).


                                                                       S/ Susan Paradise Baxter
                                                                       SUSAN PARADISE BAXTER
                                                                       Chief United States Magistrate Judge


Dated: October 14, 2008

---

[2] While the Eleventh Amendment immunizes state officials from monetary damages, such immunity generally does not apply to claims for injunctive relief against state officials to enjoin conduct alleged to be an ongoing violation of the Constitution or federal law. Ex Parte Young, 209 U.S. 123, 129 (1908). Here, Plaintiff seeks only monetary relief.